**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mary Elizabeth Koleski, an individual person,<br><br>Plaintiff,<br><br>v.<br><br>United States of America, a Federal Government Entity,<br><br>Defendant. | No. CV20-02120 PHX DGC<br><br>**ORDER** |

Plaintiff Mary Koleski asserts negligence claims against the United States, seeking damages for injuries sustained in a January 2016 auto accident.  Doc. 13.  Defendant filed a motion to dismiss count two of the amended complaint.  Doc. 16.  The motion is fully briefed, and neither party requests oral argument.  Docs. 16, 18-19.  The Court will deny the motion.[1]

## I.    Background.

Plaintiff alleges that in January 2016, the vehicle she was driving was rear-ended by a United States Postal Service ("USPS") employee, Donald Grube, while in the course and

---

[1] Plaintiff's original complaint named the United States, USPS, and Donald Grube as Defendants.  Doc. 1.  After Defendants moved to dismiss USPS and Grube from the action under the Federal Tort Claims Act, 28 U.S.C. § 2679, Plaintiff filed an amended complaint asserting negligence claims solely against the United States.  Docs. 12, 13.  Because of a misunderstanding between the parties, multiple response and reply briefs were filed.  *See* Doc. 20 at 2-3.  The Court has been advised that the operative briefs are Defendant's motion to dismiss count two of the amended complaint (Doc. 16), Plaintiff's response memorandum (Doc. 19), and Defendant's reply (Doc. 20), which incorporates by reference the relevant arguments in Defendant's original reply (Doc. 18).  *See* Doc. 20 at 2-3.

scope of his employment.  Doc. 13 ¶¶ 10-13.  Grube was cited for speeding.  *Id.* ¶ 19. Plaintiff contends that the accident caused her serious injuries, substantial medical expenses, and past and future lost wages.  *Id.* ¶¶ 26-27.  She brings two negligence claims against Defendant under the Federal Tort Claims Act, which provides a limited waiver of the government's sovereign immunity for certain torts and wrongful acts committed by federal employees.  *See* 28 U.S.C. §§ 1346(b), 2674.  Count one alleges, under a *respondeat superior* theory, that Defendant is liable for Grube's negligence in failing to exercise reasonable care in operating the USPS vehicle.  Doc. 13 ¶¶ 15-22.  Count two alleges that Defendant was negligent in hiring and training Grube.  *Id.* ¶¶ 23-27.

Defendant moves to dismiss count two pursuant to Rule 12(b)(6), claiming that Plaintiff fails to allege specific facts supporting her negligent hiring and training claim. Doc. 16.  The Court does not agree.

## II.    Legal Standard.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.    Analysis.

To prove her claim in count two, Plaintiff must show "(1) that the employer knew or should have known that the employee was not competent to perform the assigned task, and (2) that the employer's failure to supervise the employee caused the plaintiff's injury." *Sloan v. United States*, CV-16-8059-PCT-DGC, 2016 WL 3548766, *2 (D. Ariz. June 30, 2016).  Defendant argues that Plaintiff has failed to plead facts supporting these elements.

Plaintiff alleges that Defendant breached its duty to act reasonably in hiring and training Grube because it "knew or should have known" that he "was not a safe driver and

used poor judgment when operating a vehicle." Doc. 13 ¶ 25(a).  She further alleges that Defendant failed "to properly train . . . Grube and make sure that he was capable of operating the subject vehicle and delivering the United States mail in a safe manner." *Id.* ¶ 25(b).  Plaintiff alleges that Grube failed to control the speed of his vehicle, that he was cited for this failure, and that he was acting within the scope of his employment at the time. *Id.* ¶¶ 18, 19, 25(c).

Although it is true that Plaintiff fails to plead the specific facts showing how Defendant knew of Grube's lack of competency, or how Defendant failed to train Grube properly, these are facts within the exclusive control of Defendant.  The Ninth Circuit has instructed that "[t]he *Twombly* plausibility standard . . . does not prevent a plaintiff from pleading facts alleged upon information and belief where the facts are peculiarly within the possession and control of the defendant." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017) (citations omitted).  Plaintiff does not specifically state that she is pleading count two "upon information and belief," but it is evident she is doing so.  It would serve little purpose to dismiss count two with leave to amend so she could add these words.

When the amended complaint is considered as a whole, the Court concludes that Plaintiff has pleaded sufficient facts to survive Defendant's Rule 12(b)(6) motion.[2]

**IT IS ORDERED** that Defendant's motion to dismiss count two of the amended complaint (Doc. 16) is **denied**.  The motion at Doc. 12 is **denied as moot**.  The Court will set a case management conference by separate order.

Dated this 22nd day of March, 2021.

.

David G. Campbell
Senior United States District Judge

---

[2] Plaintiff contends that "[a] court may not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Doc. 19 at 3 (citing *McGrath v. Scott*, 250 F. Supp. 2d 1218, 1220 (D. Ariz. 2003)).  The "no set of facts" rule was overruled by *Twombly.  See DLC DermaCare LLC v. Castillo,* No. CV-10-333-PHX-DGC, 2010 WL 5148073, at *2 (D. Ariz. Dec. 14, 2010) (discussing *Conley v. Gibson*, 355 U.S. 41 (1957)).